IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON L. BELL | : | CIVIL ACTION |
| [FF-6602] | : | |
| | : | |
| v. | : | |
| | : | |
| IBARE JONES, et al. | : | NO. 08-4886 |

**OPINION**

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 22, 2011**

**I.　　INTRODUCTION**

　　Before the Court is the Petition of Aaron L. Bell ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks review of his *pro se* petition for collateral relief under the Pennsylvania Post-Conviction Relief Act (PCRA) based on alleged ineffective assistance of counsel. For purposes of this Opinion, the Court has considered the Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Revised Habeas Corpus Petition (Doc. No. 4), the Response to the Petition for Writ of Habeas Corpus (Doc. No. 10), Petitioner's Response to State's Answer (Doc. No. 13), United States Magistrate Judge M. Faith Angell's Report and Recommendation (Doc. No. 16), Petitioner's Objection to Magistrate Judge Angell's Report and Recommendation (Doc. No. 18), and the pertinent state court record.

　　Following a review of the filings by the parties and the state court record, Magistrate Judge Angell issued a Report and Recommendation that the Petition for Habeas Corpus be denied and dismissed without an evidentiary hearing. (Doc. No. 16.) Petitioner filed an objection to the Report and Recommendation. (Doc. No. 18.) For reasons that follow, the Court will approve and adopt with modification Magistrate Judge Angell's Report and

Recommendation (Doc. No. 16) and deny the Petition for Habeas Corpus.

## II.    FACTUAL BACKGROUND[1]

In December 2002, following a jury trial before the Honorable M. Teresa Sarmina in the Philadelphia Court of Common Pleas, Petitioner Aaron L. Bell was found guilty of first degree felony robbery and criminal conspiracy. On January 23, 2003, Petitioner was sentenced to a term of imprisonment of not less than five years and not more than ten years on the robbery charge. On the charge of criminal conspiracy, Petitioner was sentenced to a term of imprisonment of not less than five years and not more than ten years, to run concurrently with the robbery sentence.

Initially, Petitioner took no direct appeal. He filed a *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA) on April 14, 2003. PCRA counsel had originally filed a Finley letter, see Commonwealth v. Finley, 550 A2d 213 (PA. Super. 1988), advising the PCRA court that Petitioner had failed to raise any meritorious issues on appeal. However, upon further review, the PCRA court discovered that Petitioner had requested that his trial counsel file an appeal but counsel never did so. As a result, on April 16, 2004, the PCRA court reinstated Petitioner's appellate rights *nunc pro tunc*. See Commonwealth v. Bell, October Term, 2001 No. 0817, slip op. at 1-2 (C.C.P. Philadelphia County, June 15, 2004); (Doc. No. 10, Exhibit ("Ex.") I at 27-28).

On his reinstated direct appeal to the Pennsylvania Superior Court, Petitioner raised two claims of trial court error relating to the instructions to the jury. On May 20, 2005, the Superior Court affirmed the conviction, finding that Petitioner's failure to object at trial caused him to

---

[1]     The lengthy factual and procedural background are briefly summarized in this Opinion. A complete and thorough recounting of the factual background appears in Magistrate Judge Angell's Report and Recommendation at pp. 1-3.

waive review of the issues on appeal and, moreover, that the issues were without merit. Commonwealth v. Bell, 1203 EDA 2004, slip op. at 3-4 (Superior Court, May 20, 2005); (Doc. No. 10, Ex. J). Petitioner did not seek review in the Supreme Court of Pennsylvania but instead filed a *pro se* PCRA petition on July 14, 2005. (See Doc. No. 10, Ex. K.) Therein, Petitioner asserted a claim of ineffective assistance of trial counsel. The PCRA court performed an independent review of Petitioner's case. On June 23, 2006, the PCRA court denied the petition. (See Doc. No. 10, Ex. Q.) On July 24, 2006 Petitioner filed a notice of appeal to the Superior Court of Pennsylvania. (See Doc. No. 10, Ex. R.) On November 14, 2007, the Superior Court affirmed the denial of PCRA relief. Commonwealth v. Bell, No. 2059 EDA 2006, slip op. (Superior Court, November 14, 2007), (Doc. No. 10, Ex. T). Petitioner next sought allowance of appeal in the Supreme Court of Pennsylvania. (See Doc. No. 10, Ex. U.) On June 24, 2008, the Supreme Court denied the Petition for Allowance of Appeal. Commonwealth v. Bell, No. 706 EAL 2007 Order (Supreme Court, June 24, 2008), (Doc. No. 10, Ex. V.)

On October 9, 2008, Petitioner signed and dated an Application for Writ of Habeas Corpus (the "Application"), which was filed in this Court on October 14, 2008 (Doc. No. 1). As Ordered by the Court, (see Doc. No. 2), Petitioner subsequently filed a Petition for Writ of Habeas Corpus on the proper form on December 4, 2008 (Doc. No. 4) (together with the Application, the "Petition"). The Petition set forth several claims of ineffective assistance of counsel, trial court error, and prosecutorial misconduct. On March 6, 2009, the Commonwealth filed a Response to Petition for Writ of Habeas Corpus arguing that Petitioner is not entitled to habeas relief because the claims that he put forth are either procedurally defaulted or lacking in merit. (Doc. No. 10.) As noted, on May 17, 2010, Magistrate Judge M. Faith Angell issued a

Report and Recommendation concluding that the Petition be denied and dismissed without an evidentiary hearing. On June 2, 2010, Petitioner filed *pro se* an objection to the Report and Recommendation (Doc. No. 18).

**III.    DISCUSSION**

Petitioner objects to Magistrate Judge Angell's findings because (1) claims of ineffective assistance of counsel are distinct from the underlying claim of trial court error and must be reviewed under a separate standard and (2) Petitioner's claims of ineffective assistance of counsel were raised in a timely manner and thus were not waived. Petitioner's brief raises other "issues" that, while cloaked as objections to the Report and Recommendation, are no more than restatements of arguments made previously and are outside the scope of review for purposes of this Opinion.[2]

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made . . . the Court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b). Following an independent review of the pertinent record, the Court finds that Petitioner's Habeas Petition was properly denied, although for reasons that differ slightly from those in the Report and Recommendation. The Court will therefore approve and adopt with modification Magistrate Judge Angell's Report and Recommendation.

---

[2]    In ruling on objections to a Report and Recommendation, this Court reviews *de novo* only the findings of the Report and Recommendation to which Petitioner specifically objects and will not consider arguments repeated from previous filings. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Reid v. Lawler, No. 08-5674, 2010 WL 1186320, at *3 (E.D. Pa. Mar. 25, 2010) (stating that "this Court reviews *de novo* only the findings of the R & R that Petitioner specifically objects to" and declining to review arguments that "are essentially a repetition of the arguments set forth in Petitioner's habeas petition")).

A. Petitioner's Objections[3]

Petitioner's first objection is that Magistrate Judge Angell improperly denied his Habeas Petition on the basis that his ineffective assistance of counsel claim was "previously litigated" as defined by the PCRA. See 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2). Magistrate Judge Angell concurred with the Pennsylvania Superior Court and held that Petitioner cannot "rename" his claim as a trial court error claim in order to make it appropriate for habeas review and relief. (Doc. No. 16 at 25-27.) Magistrate Judge Angell cited the Superior Court's application of Pennsylvania Supreme Court precedent that "[a]n appellant cannot obtain post-conviction review of claims previously litigated on appeal by alleging ineffective assistance of prior counsel to support previously litigated claims." Commonwealth v. Fisher, 813 A.2d 761,768 (2002). Petitioner asserts that his ineffective assistance of counsel claims are not governed by Fisher, but rather, are governed by Commonwealth v. Collins, 888 A.2d 564 (2005). According to Petitioner, Collins stands for the premise that claims of ineffective assistance of counsel are distinct from underlying supporting claims and are therefore afforded a separate analysis, pursuant to the Sixth Amendment. (Doc. No. 18 at 5.)

There is merit to Petitioner's objection because in Collins, the Pennsylvania Supreme Court specifically revisited its previous holding that precludes reconsideration of a claim that serves as the basis for an allegation of ineffective assistance of counsel and refined the meaning of "previously litigated' under the PCRA. See Collins, 585 A.2d at 54-55. The court held that a

---

[3] Although Petitioner makes two objections that properly fall within this Court's scope of review, the Court will only evaluate the first objection because the analysis is dispositive of the second objection.

"PCRA court should recognize ineffectiveness claims as distinct issues" and should review the claims on the merits. Id. at 61. Collins further held that ineffectiveness claims should be evaluated pursuant to the standard announced in Commonwealth v. Pierce, 527 A.2d 973 (1987), which adapts the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), but then separates the test into three-parts.

B. Legal Analysis

As noted, the Supreme Court of Pennsylvania in Pierce adapted the Strickland standard. Under the Strickland two-part test, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. Under the Pierce three-part test, a petitioner must prove that "the claim has arguable merit, that counsel had no reasonable basis for his action or omission, and that the defendant was prejudiced by counsel's conduct." Pierce, 527 A.2d 976-66. Petitioner's claim fails under either analysis.

Petitioner cannot meet the first prong under Strickland, as there is no evidence in the record that his counsel's performance was objectively unreasonable. Petitioner argues that trial counsel was ineffective by not objecting during the prosecution's opening and closing statements when the prosecutor implied that Petitioner was "stupid." (Doc. No. 18 at 12.) A review of the state court record, however, makes clear that trial counsel did in fact object numerous times during the prosecutor's opening and closing statements.[4]

---

[4] During trial, counsel objected twice to statements made during the prosecutor's opening statement, the first of which resulted in a side-bar discussion and the second of which was overruled. Counsel objected numerous times during the prosecutor's closing statement.

6

Petitioner also cannot meet the second prong, requiring prejudice as a result of counsel's alleged "unprofessional errors." Petitioner argues that trial counsel was ineffective because he did not object to the trial court's refusal to provide a second-degree robbery jury instruction, covering a lesser-included offense. (Doc. No. 18 at 19.) This Court concurs with the Philadelphia Superior Court, which has already held that there was no prejudice to Petitioner on this point because an objection by counsel would have been without merit. See Commonwealth v. Bell, No. 1203 EDA 2004, slip op. at 4-10 (Superior Court, May 20 2005). Trial counsel cannot be deemed ineffective for failure to make a meritless objection.

Consequently, under Pierce, the outcome would be the same. As noted, a review of the record below belies Petitioner's claim that trial counsel was ineffective based on a failure to object during the opening or closing statement of the prosecution. Therefore, the underlying claim has no "arguable merit." Moreover, Petitioner's claim that trial counsel failed to object to the court's refusal to provide the lesser-included jury instruction is also without merit because such a jury instruction is not compulsory and was not warranted in Petitioner's case. See Commonwealth v. Thomas, 546 A.2d 116, 118 (Pa. Super. 1988) (en banc), *appeal denied*, 520 Pa. 616 (1989).

Although Petitioner is entitled to have his ineffective assistance claim reviewed independently from his claim of trial court error that underpins the ineffective assistance of counsel claim, he has failed to meet his burden to establish that trial counsel's performance fell below an objective standard of reasonableness, that Petitioner was prejudiced as a result, or that his underlying claim has arguable merit. Accordingly, the claim of ineffective assistance of

---

(Doc. No. 10, Ex. B at 15-20, 222-237.)

counsel has not been established here.

**III.    CONCLUSION**

For the foregoing reasons, the Court will approve and adopt with modification the Report and Recommendation (Doc. No. 16) and deny Petitioner's Application for Writ of Habeas Corpus (Doc. Nos. 1 and 4). No certificate of appealability will be issued.

An appropriate Order follows.